**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JUAN PEREZ** | : | **NO.  11-328-02** |

DuBOIS, J.                                                                       **July 11, 2011**

**M E M O R A N D U M**

## I.  INTRODUCTION

On June 15, 2011, a grand jury returned a three-count indictment against defendant Juan

Perez and his brother, Roberto Perez.  Those charges are as follows:

- Count I: Conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846
- Count II: Possession with intent to distribute cocaine and aiding and abetting possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2
- Count III: Possession with intent to distribute cocaine and aiding and abetting possession with intent to distribute cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a)

On June 22 and June 24, 2011, Magistrate Judge M. Faith Angell presided over a hearing

at which counsel for defendant and the government presented evidence and arguments on the

issue of pretrial detention.  At the conclusion of the hearing, Magistrate Judge Angell ordered the

defendant detained.

Presently before the Court is defendant's Appeal from Order of Detention and Motion to

Set Bail.  The Court conducted a hearing on defendant's appeal and motion on July 7, 2011.  At

the conclusion of the hearing, the Court denied defendant's Appeal from Order of Detention and

Motion to Set Bail. This Memorandum amplifies the bases for the Court's denial of defendant's appeal and motion.

## II. LEGAL STANDARD

This Court has jurisdiction to review the Magistrate Judge's decision under 18 U.S.C. § 3145(b). That section requires the Court to make a de novo determination of the Magistrate Judge's detention order. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985). However, the reasons articulated by the Magistrate Judge must be given "respectful consideration." United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986). The transcript of the hearing before the Magistrate Judge may also be considered. See Delker, 757 F.2d at 1394-95, 1395 n.3.

## III. FINDINGS OF FACT

Having reviewed the submissions of the parties and the transcripts of the hearing before Magistrate Judge Angell, and after conducting an evidentiary hearing on July 7, 2011, the Court makes the following findings of fact:

1. On April 20, 2011, Philadelphia police stopped a car driven by defendant. A search of the car uncovered approximately 252.6 grams of cocaine.

2. Police subsequently searched the home defendant shares with his mother and his ill older brother, Ricardo Santana. During that search, police seized 334.2 grams of cocaine, $9,540 in cash and drug paraphernalia from a second-floor bedroom. Police also found in the bedroom numerous documents, including a bank book in the defendant's name.

3. Defendant was convicted in 1996 of conspiracy to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Defendant's involvement in the conspiracy for which he ultimately pleaded guilty began in 1992, when he was approximately 20 years old.

4.  As a result of defendant's conviction, United States District Judge William H. Yohn, Jr. sentenced defendant to 136 months in prison and five years of supervised release.

5.  Defendant was released from prison in 2006.  In 2009, he petitioned Judge Yohn to terminate his supervised release approximately eighteen months early.  Defendant told Judge Yohn that he had become a productive member of society and "would never make those mistakes again."  Ex-Parte Motion for Termination of Supervised Release, United States v. Perez, No. 95-297-02 (E.D. Pa. Sept. 18, 2009).  Over the government's objection, Judge Yohn granted defendant's motion and terminated defendant's supervised release.  United States v. Perez, No. 95-297-02 (E.D. Pa. Oct. 22, 2009) (order terminating defendant's supervised release).

6.  The criminal activities alleged in this case occurred less than two years after defendant told Judge Yohn he would never again be involved in drug distribution.  At least some of the alleged criminal activities occurred during a time period when defendant would have been on supervised release if not for the early termination.

7.  Defendant has substantial ties to the community.  Prior to his arrest, defendant resided in Philadelphia with his mother and one of his brothers.  All four of his brothers reside in Philadelphia.  His fiancee, Stacy Ortiz, resides in Florida but visits Philadelphia with her children every summer.

8.  Defendant's brother, David Perez, offered to post as bond for defendant two properties in Philadelphia in which his equity is approximately $270,000.  David Perez also stated his willingness to have defendant reside with him during any period of pretrial release.

## IV.  CONCLUSIONS OF LAW

The Bail Reform Act, 18 U.S.C. § 3141 et seq., provides for pretrial detention only where

-3-

a defendant poses a risk of flight or a danger to the community.  The crimes charged in the indictment and defendant's criminal record subject the defendant to a mandatory minimum sentence of ten years in prison if convicted.  See 21 U.S.C. § 841(b).  Thus, the rebuttable presumption of 18 U.S.C. § 3142(e)(3)(A) applies.  That section provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

An indictment is "sufficient to support a finding of probable cause triggering the rebuttable presumption . . . under § 3142(e)."  Suppa, 799 F.2d at 119.  Based on the indictment and the Court's factual findings stated above, the Court concludes that there is probable cause to believe that the defendant committed the offenses for which he is charged in the indictment.

The presumption of § 3142(e) shifts to the defendant only the burden of producing evidence that the defendant is neither a danger nor a flight risk; the burden of persuading the court that the defendant is dangerous or will not appear for trial remains with the government. Id.  To rebut the presumption of detention, the defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community."  United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986) (emphasis added). Production of evidence relating to character, family ties, employment and length of residence in the community may rebut the presumption that he poses a danger to the community.  Id. at 561. To meet its burden of persuasion, the government must prove by clear and convincing evidence that the defendant is a danger to the community, or by a preponderance of the evidence that he

poses a risk of flight if released pending trial.  <u>United States v. Himler</u>, 797 F.2d 156, 160-61 (3d Cir. 1986).

In this case, the Court concludes that the defendant has rebutted the presumption against him by producing some credible evidence, such as his family ties and the properties his brother is willing to post as bond, that he will appear for trial and will not pose a danger to the community. <u>See</u> <u>Carbone</u>, 793 F.2d at 560.  Based on this evidence, the Court also determines that the government has failed to prove by a preponderance of the evidence that the defendant is a risk of flight.

The Court next turns to the issue of danger to the community.  The Court concludes that the government has demonstrated by clear and convincing evidence that the defendant is a danger to the community.  That conclusion is based on several factors.  First, the government's evidence in this case is strong.  Substantial quantities of cocaine were found both in a car defendant was driving and in a room in the house he shared with his mother and ill older brother.  From the evidence, it appears defendant inhabited that room.  Second, the defendant has an extensive history of involvement with cocaine distribution, having already served approximately ten years in federal prison based on his prior conviction.  He has been involved in cocaine distribution, in prison or on supervised release for most of his adult life.

Third, the defendant's promises to Judge Yohn to never again become involved in drug dealing are belied by the evidence of his activities in this case, at least some of which took place during the period when he would have been on supervised release had it not been terminated early.  Finally, even imposition of 24-hour-a-day home confinement, as suggested by defense counsel, would not reasonably assure that the defendant would not commit any narcotics offenses

-5-

while awaiting trial.  The substantial evidence that defendant distributed cocaine out of his own bedroom demonstrates the ease with which he could commit further drug-related offenses without ever leaving his residence.

In sum, the Court concludes that the government has proven by clear and convincing evidence that the defendant, if released, would pose a danger to the community.  Accordingly, defendant's Appeal from Order of Detention and Motion to Set Bail is denied.

## V. CONCLUSION

For the foregoing reasons, defendant's Appeal from Order of Detention and Motion to Set Bail is denied.  An appropriate order follows.